Lee vs. Lord.

## Lee, Respondent, vs. Lord, imp., Appellant.

October 18 — November 5, 1889.
January 10 — January 28, 1890.

APPEAL. (1) Filing of return: Motion to dismiss. (2) Abandonment of appeal: Attorneys. (3–5) Undertakings: Sureties: Sufficiency: Justification: Extension of time: Discretion.

1. After service of notice of a motion to dismiss an appeal because the return had not been filed within the time limited by rule V, but before the motion was argued, the return was filed. The motion is granted unless within a specified time the appellant pays the costs thereof.

2. On the hearing of a motion to dismiss an appeal the respondent read a notice signed by the appellant's attorneys, to the effect that the appellant abandoned the appeal, withdrew his notice of appeal and undertakings, and offered to pay all costs incurred. An affidavit of one of the appellant's attorneys was also read, affirming the constant intention and purpose of the appellant to prosecute the appeal to judgment. Held, that under the circumstances the appellant should not be bound by the notice.

3. On appeal from a judgment in replevin against the defendant and his sureties in an undertaking for delivery of the property, an undertaking for the costs of the appeal is sufficient although the sureties therein are the same as those in said undertaking for delivery; but an undertaking to stay execution must have other sureties, in order to give the plaintiff security additional to the judgment itself.

4. The appellant having been permitted to file in this court, within thirty days, a new undertaking to stay execution, but having failed to do so until the expiration of forty-five days, and such delay having been satisfactorily excused, the court exercises its discretion to extend the time for such filing.

5. An undertaking properly executed under sec. 3065, R. S., should not be stricken from the files of the court, on motion, because of the irresponsibility of the sureties; but in this case such a motion is treated as a good exception to their sufficiency, and their justification in the manner prescribed by secs. 2704–2706, R. S., is ordered.

APPEAL from the Circuit Court for Langlade County.
Motion by the respondent to dismiss the appeal.

Lee vs. Lord.

*H. W. Lee,* respondent, for the motion.
*W. H. Webster, contra.*
The following opinion was filed November 5, 1889:

BY THE COURT. The respondent moved to dismiss the appeal herein for the reasons (1) that the return to the appeal was not filed in this court within the time required by rule V, and (2) that there is no sufficient undertaking..

1. The return was filed before the motion was argued, but after notice of the motion had been served. In such cases the practice of the court is to grant the motion, unless, within a specified time, the appellant pays the costs thereof.

2. Two undertakings were given,— one under sec. 3052, R. S., for the costs of the appeal, and the other under sec. 3053, to stay execution on the judgment. The action is replevin. The property was delivered to the appellant, he having given the undertaking for that purpose required by sec. 2722. The respondent waived a return of the property, and took judgment for the value thereof. Sec. 2888. Judgment was also entered against the sureties in the replevin undertaking pursuant to sec. 2889.

The sureties in both appeal undertakings are the same as in the replevin undertaking against whom judgment was so rendered. The purpose of the statute (secs. 3052 and 3053) is to give the respondent security on the appeal additional to that which he has by his judgment. The sureties in the undertaking for the costs of the appeal are not liable for such costs by reason of the judgment against them. Hence in that undertaking the plaintiff has security additional to that of his judgment. No other objection being made to it, that undertaking is sufficient, under sec. 3052, and saves the appeal. The undertaking to stay execution on the judgment is insufficient, for the reasons above stated. It gives the respondent no additional security for the payment of

Lee vs. Lord.

his judgment. The plaintiff is at liberty, however, to file in this court, within thirty days, a sufficient undertaking, if he desires to stay execution.

3. On the hearing of the motion to dismiss the appeal the respondent read a notice, addressed to himself and signed by the attorney for the appellant, to the effect that the appellant abandoned his appeal, and withdrew and recalled his notice of appeal and the undertakings, and offered to pay all costs incurred in the appeal proceedings. We are not informed of the circumstances under which this notice was given, but on the hearing an affidavit of one of appellant's attorneys was read, to the effect that ever since the appeal was taken it has been the constant intention and purpose of the appellant to prosecute the same to judgment in this court. Under the circumstances, so far as they are disclosed, we do not think the appellant should be held bound by the notice.

The motion to dismiss the appeal is granted, unless the appellant, within thirty days, pay to the respondent $10 costs of motion, and also pay the clerk's fees on the motion.

The appellant having filed a new undertaking to stay execution, the respondent moved to strike it from the files.

*H. W. Lee*, respondent, for the motion.

*F. F. Wheeler*, *contra*.

The following opinion was filed January 28, 1890:

BY THE COURT. This is a motion by plaintiff to strike from the files of this court an undertaking to stay execution of the judgment. By a previous order of this court, made November 5, 1889, leave was granted the appellant to file such undertaking within thirty days. This undertaking was filed in attempted compliance with the terms of the order. It seems sufficient as to form and execution,

Lee vs. Lord.

but was not filed until December 20, 1889,— forty-five days after such order was made. This delay is one ground of the motion to strike the undertaking from the files. Another ground, based upon an affidavit served with the motion, is that the sureties are pecuniarily irresponsible.

Strictly the motion should be granted. But the appellant has, by the affidavit of one of his attorneys, satisfactorily excused such delay. We think it a proper case for the exercise of the discretion of the court to enable the appellant to obtain a stay of execution of the judgment against him pending the appeal.

The undertaking, being in proper form and properly executed under R. S. sec. 3065, should not be stricken from the files of the court, on motion, because of the irresponsibility of the sureties therein. The above section indicates another procedure in such cases, that is, by exception to their sufficiency, and their justification in the manner prescribed in secs. 2703, 2704, 2705, R. S. We think it just, however, to treat the plaintiff's motion herein as a good exception to the sufficiency of the sureties, and to that end, in the further exercise of our discretion, the time limited by sec. 3065 for interposing such exception is extended to the date of entry of this order. The time within which the sureties are required by the same section to justify is also extended to thirty days from the date of such entry.

The order of the court is that unless the appellant, within thirty days, pay to the plaintiff $10 costs of motion, and the clerk's fees thereon, and procure the sureties in the undertaking, or other sureties, to justify in the manner prescribed in R. S. secs. 2704, 2705, 2706, on five days notice to the plaintiff, the motion will be granted. Such justification may be made before the county judge or a court commissioner of Waupaca county, where such sureties reside, or before the judge of the tenth judicial circuit. The officer before whom the sureties shall justify shall reduce

their examination to writing and transmit the same to this court immediately thereafter. The fees of the commissioner and sureties shall be paid by the appellant. The clerk will immediately send a copy of this order to Messrs. Webster & Wheeler, the attorneys for the appellant.